ALTYE SHELDON *vs.* ANTOINETTE H. WESTCOTT, *Admx.*

MARCH 19, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.  This case is here on plaintiff's exception to the denial by the superior court of her motion to amend her writ and also on her exception to the granting of defendant's motion to dismiss her action.

The plaintiff commenced her action by a writ of summons issued out of the office of the clerk of the superior court for the county of Providence.  This writ was returnable on the 12th day of September, 1940 "in the Superior Court to be holden at the County Court House at Providence."  On August 15, 1940, defendant was duly served with this writ and it was thereafter returned to court on the return-day but not to the county court house at Providence.  The plaintiff filed it with her declaration at the county court house in East Greenwich in the county of Kent.

Although the case was unanswered and no appearance entered on behalf of the defendant, plaintiff moved to assign the case for trial and, on October 28, 1940, the motion was granted assigning the case to the first jury day.  However, on February 4, 1941, the case was passed on the trial calendar, and thereafter, on June 11, 1941, the plaintiff moved to amend her writ "so that the place of return will read, '. . . . at the County Court House at East Greenwich . . . .' " Thereupon, on June 4, 1941, defendant appeared for the first time, by counsel, and filed the following motion: "Now comes the defendant, not intending to plead or to acknowledge jurisdiction, but solely for the purpose of this motion, and moves that the case be dismissed from the files of this Court."  On June 17, 1941, after a hearing on both motions before a justice of the superior court sitting at East Greenwich, the plaintiff's action was dismissed.

Plaintiff's counsel stated to the court at that hearing that the plaintiff never intended to commence her suit in the county of Providence but through oversight in using a writ

issued out of the office of the clerk of the superior court for that county, the name "East Greenwich" was not substituted for the name "Providence" printed in the writ. He further stated that, before he filed the writ, he received a letter from defendant's counsel in which such counsel stated that he was going to answer the case and that he desired a copy of plaintiff's declaration. This request was complied with, plaintiff's counsel stated, on the day the writ and declaration were filed. He further stated that, upon finding defendant had filed no pleading, he spoke to her counsel about the matter and then learned for the first time that the writ was made returnable to Providence.

The defendant's counsel did not dispute the above statements but stated, in substance, that the plaintiff had not properly commenced her case in the only county in which she could legally commence it, namely, Kent county, although she had improperly filed her writ in such county contrary to the venue expressly laid therein. This was the basis of his contention, namely, that there was no case properly before the court and, therefore, that his motion to dismiss should be granted.

What the plaintiff's intention was in issuing her writ, and whether or not defendant's counsel must have known of such intention by reason of his correspondence with the plaintiff's counsel and the receipt of a copy of plaintiff's declaration, is of no help here and cannot be considered in determining the question of the jurisdiction of the superior court sitting for the county of Kent to allow an amendment of a writ filed in that county, notwithstanding that such writ on its face was returnable in another county. This question must be decided on the writ as it stands, and on that alone.

The plaintiff's counsel in his argument before us conceded substantially that this was so but contended nevertheless that, under our statute of amendments to pleadings—G. L. 1938, chap. 519, § § 1, 2—it was clearly within the jurisdiction of the superior court sitting for the county of Kent

to allow an amendment of the writ making it returnable to that court at East Greenwich. He argued that whether viewed as a defect of form or one of substance, the place of return in the writ could be amended, and he cited *Ellis, Admr.* v. *Appleby,* 4 R. I. 462 and *Wilson* v. *N. Y., N. H. & H. R. R. Co.,* 18 R. I. 598.

Those cases, however, do not assist the plaintiff. Neither case presented a situation such as the instant one, where the writ was not filed in the court for the county to which it was returnable. Each of those cases dealt with a defect in the pleadings either as to form, as in the *Ellis* case, or as to substance, as in the *Wilson* case. There was no question as to the jurisdiction of the court over the case as originally entered. Here the superior court sitting for the county of Kent was confronted with a case started by original process issued out of the office of the clerk of the superior court for Providence county and returnable in that county. Had the court sitting for the county of Kent the power to allow amendment of that process so as to draw jurisdiction to itself? Plaintiff argued that the court had such power, since the superior court is one court for the whole state.

We cannot agree with this contention. To do so would be productive of confusion in the system established by the legislature for regulating the commencement and progress of litigation in the superior court sitting in and for the several counties of the state. While it is true that this court had said "in this State the Superior Court is one court for the entire State"—*Paull* v. *Paull,* 30 R. I. 253, 256—this language must not be taken to mean that the counties have been obliterated as integral judicial divisions of the state. Each is served by a clerk and a sheriff and, together with a justice or justices of the superior court duly assigned in accordance with the statute to sit in the county, constitute the superior court sitting for that county. In a real sense each county is judicially separate and distinct from every other county, except where the legislature has specially provided for a combination in certain respects of two counties,

484

as in the case of Providence and Bristol counties. There are several instances in the general laws of the state, which need not be set out here, that make this fact clear.

The only way an action at law, which is originally cognizable in the superior court, can be legally commenced in this state is by a writ duly served on the defendant and filed in the office of the clerk of the county to which it is made returnable. G. L. 1938, chap. 526, § 1. This is the mandate of the statute; and the superior court sitting for a county to which the writ on its face was not returnable is without authority under the statute of amendments to pleadings to excuse any plaintiff from compliance therewith. G. L. 1938, chap. 513, § 2. Therefore, the trial justice in the instant case did not err in granting the defendant's motion to dismiss and in denying plaintiff's motion to amend.

The plaintiff's exceptions are accordingly overruled, and the case is remitted to the superior court for further proceedings.

*Edward L. Godfrey,* for plaintiff.
*Patrick H. Quinn,* for defendant.